[703 NYS2d 506]

In the Matter of ALVIN DORFMAN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, February 28, 2000

## APPEARANCES OF COUNSEL

*Grace D. Moran,* Syosset (*Dianne M. Saccone* of counsel), for petitioner.

*Stephen P. Scaring*, Garden City, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was served with a petition containing one charge of professional misconduct. The Special Referee sustained the charge after a hearing. The Grievance Committee now moves to confirm the Special Referee's report. The respondent cross-moves, in effect, to confirm the report insofar as he admitted that he was convicted of a Federal crime, and to disaffirm on the grounds that the report mischaracterizes the conduct underlying the conviction and fails to address his first affirmative defense that the Federal conviction would constitute the State offense of commercial bribing in the second degree, in violation of Penal Law § 180.00, a class A misdemeanor.

Charge One alleged that the respondent was convicted of a crime. On or about December 4, 1998, the respondent was sentenced by the Honorable Carol Bagley Amon of the United States District Court for the Eastern District of New York, upon his plea of guilty, to one count of conspiracy to commit mail fraud, in violation of 18 USC § 371, a class D felony. The respondent was sentenced to probation for a term of four years, six months under monitored home detention, and 200 hours of community service.

Based on the respondent's admissions and the evidence adduced at the hearing, the Special Referee properly sustained the charge. The Grievance Committee's motion to confirm the Special Referee's report is granted. The branch of the respondent's cross motion which was to confirm the report insofar as he admitted that he was convicted of a Federal crime, which is a serious crime within the meaning of Judiciary Law § 90 (4) (d), is granted, and the cross motion is otherwise denied.

In determining an appropriate measure of discipline to impose, the respondent asks that his reputation for honesty and integrity and his commitment to public service be considered in mitigation of his conviction. Notwithstanding the mitigation offered, the respondent is guilty of serious professional misconduct emanating from his conviction of a serious crime, which warrants his disbarment.

MANGANO, P. J., BRACKEN, RITTER, SANTUCCI and JOY, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the cross motion is granted to the extent that the charge is sustained and is otherwise denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Alvin Dorfman, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law forthwith; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Alvin Dorfman is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.